```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/1/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Sharelle Coleman,

                              Plaintiff,

-against-

New York State, Port Authority of New York and New Jersey, et al.,

                              Defendants.

1:25-cv-03336 (JHR) (SDA)

**ORDER OF SERVICE**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

By Order dated April 30, 2025, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). (Order, ECF No. 10.) Because Plaintiff has been granted permission to proceed IFP, she is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to complete a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each Defendant. The Clerk of Court further shall issue summonses and deliver to the Marshals Service all of the necessary paperwork—including the Amended

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

Complaint (ECF No. 5)—for the Marshals Service to effect service of the entire pleading upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff also supplies sufficient information to permit the Port Authority Police Department to identify the Jane Doe employee who, on August 9, 2024, along with Defendants Rana and Jeffrey, interacted with Plaintiff at her home. It is therefore ORDERED that the Port Authority Police Department ascertain the identity of this individual and the address where they may be served. The Port Authority Police Department shall provide this information to Plaintiff and the Court within 30 days of being served with the summons and complaint.

**SO ORDERED.**

Dated:     New York, New York
           May 1, 2025

_____
**STEWART D. AARON**
**United States Magistrate Judge**

2

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. New York State
   Office of the New York State Attorney General
   28 Liberty Street
   Ste 16th Floor
   New York, NY 10005

2. Port Authority of New York and New Jersey
   4 World Trade Center
   150 Greenwich Street
   Ste 24th Floor
   New York, NY 10007

3. Port Authority Police Department
   4 World Trade Center
   150 Greenwich Street
   Ste 24th Floor
   New York, NY 10007

4. William Spinelli
   4 World Trade Center
   150 Greenwich Street
   Ste 24th Floor
   New York, NY 10007

5. Ronak Rana
   4 World Trade Center
   150 Greenwich Street
   Ste 24th Floor
   New York, NY 10007

6. Tonya Jeffrey
   4 World Trade Center
   150 Greenwich Street
   Ste 24th Floor
   New York, NY 10007